IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JORDAN BRADFORD | PLAINTIFF |
| v. | CAUSE NO. 1:19CV112-LG-RHW |
| SECURIAN FINANCIAL GROUP, INC.; SECURIAN FINANCIAL SERVICES, INC.; MINNESOTA LIFE INSURANCE CO.; and WALTER H. JUENGLING, JR. | DEFENDANTS |

## ORDER GRANTING DEFENDANTS' MOTION
## FOR JURISDICTIONAL DISCOVERY AND SETTING
## BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION TO REMAND

**BEFORE THE COURT** is the [13] Motion for Jurisdictional Discovery filed by all the defendants to this lawsuit as well as the [5] Motion for Leave to Amend Complaint and [17] Motion to Remand filed by the plaintiff, Jordan Bradford. The parties have fully briefed the Motion for Jurisdictional Discovery and Motion to Amend Complaint. The Court stayed briefing on Bradford's Motion to Remand pending a decision on whether jurisdictional discovery is warranted. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for Jurisdictional Discovery should be granted. Briefing concerning Bradford's Motion to Remand will remain stayed pending jurisdictional discovery. Bradford's Motion to Amend is taken under advisement pending a ruling on Bradford's Motion to Remand.

## BACKGROUND

Bradford filed this lawsuit in Hancock County Circuit Court, alleging that the defendant Walter H. Juengling, Jr., sold him a nine-year annuity issued by Minnesota Life Insurance Co. but misrepresented that the annuity would be for a term of four years. When Jordan discovered the alleged misrepresentation, he requested a refund of the principal and interest. The defendants Securian Financial Group and Securian Financial Services, while allegedly acting on behalf of Minnesota Life, denied Bradford's request. Bradford has filed a request for rescission of contract and a claim for failure to train and supervise against Minnesota Life and the Securian defendants. He filed negligent and intentional misrepresentation claims against Juengling, and a breach of contract claim against all defendants.

In his Complaint, Bradford states that he is a resident of Hancock County, Mississippi, and Juengling is a resident of Slidell, Louisiana. Minnesota Life and the Securian defendants are Minnesota corporations. After Minnesota Life and the Securian defendants removed the case to this Court, Bradford filed a Motion to Amend his Complaint to "clarify" that he is actually a resident of Louisiana, such that diversity jurisdiction is lacking in this lawsuit. The defendants opposed the Motion to Amend, providing evidence that Bradford's address in St. Bernard, Louisiana, is a vacant lot. The defendants request permission to conduct jurisdictional discovery if the Court finds that the evidence of a vacant lot is insufficient to demonstrate that Bradford's state of domicile is Mississippi.

Bradford filed a Motion to Remand, and he opposes the defendants' request for jurisdictional discovery. He has testified by affidavit that he was born in Iberville Parish Louisiana, and he was domiciled at 5928 Hopedale Highway, St. Bernard, Louisiana, on the date he filed his Complaint and at all pertinent times throughout this lawsuit. He also states that he has a Louisiana driver's license, and he is registered to vote in Louisiana. His vehicle is registered in Louisiana, and the St. Bernard address is cited as his home address on his income tax returns. He has served as president of a Louisiana corporation since 1987. He has health problems, so he maintains a second home in Bay St. Louis, Mississippi, to be closer to his treating physicians and a hospital. He signed the annuity application at issue in this lawsuit at his Mississippi home. He does not state whether a dwelling is located at the Louisiana address he cites as his permanent home address, but he testifies that it is his intention to permanently remain a citizen of Louisiana.

**DISCUSSION**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). After removal, a party may file a motion for remand, and "[i]f it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). To secure federal jurisdiction, diversity of citizenship must exist both at the time when the lawsuit is filed in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). The Court cannot rely on allegations in Bradford's proposed amended complaint to determine his citizenship but must determine Bradford's citizenship based on evidence presented by the parties. *See Guerrero v. State Farm Mut. Auto. Ins. Co.*, 181 F.3d 97, 1999 WL 346977 at *2 (5th Cir. May 20, 1999) ("When jurisdiction has been challenged, a mere allegation of citizenship is insufficient to prove jurisdiction."); *see also Welsh v. Amer. Sur. Co. of N.Y.*, 186 F.2d 16, 17 (5th Cir. 1951) (holding that a plaintiff's allegation of citizenship is not sufficient for jurisdictional purposes).

"[W]hile a court should determine whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, some jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact." *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012) (citing *Eckstein Marine Serv., L.L.C. v. Jackson (In re Eckstein Marine Serv. L.L.C.)*, 672 F.3d 310, 319-20 (5th Cir. 2012)). "[T]he court may receive interrogatories, depositions, or any combination of the recognized methods of discovery to help it resolve the jurisdictional issue." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (internal quotation marks omitted). The party seeking jurisdictional discovery bears the burden of showing its necessity. *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009).

"A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). "In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. Domicile requires the demonstration of two factors: residence and the intention to remain." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

> In determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family. . . . A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts.

*Coury*, 85 F.3d at 251. "Mere presence in a new state—without intent to remain—is insufficient to change domicile for diversity purposes." *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403-04 (5th Cir. 2013) (citing *Coury*, 85 F.3d at 250).

In the present case, a fact question exists regarding whether Bradford's domicile is Louisiana or Mississippi. Bradford claims Louisiana as his domicile, but the defendants have produced evidence that no dwelling exists on the property Bradford cites as his residence in Louisiana. Thus far, Bradford has not expressly disputed that the property is vacant. It is unclear how long the property may have been vacant, whether Bradford intends to build a structure on the property, or what

plans Bradford may have regarding a return to Louisiana. In addition, Bradford testified by affidavit that he has been a citizen of Louisiana for more than thirty years and that he has not had a Mississippi driver's license or been registered to vote in Mississippi for at least twenty-five years. This testimony indicates that Bradford established domicile in Mississippi at some point in the past, and there is insufficient evidence or testimony concerning whether Bradford may have since transferred his domicile to Louisiana through residence and an intention to remain. *See Hollinger*, 654 F.3d at 571. As a result, the Court finds that the defendants should be permitted to conduct jurisdictional discovery limited to the question of Bradford's domicile at the time the complaint was filed and at the time the case was removed to this Court.

The defendants are granted ninety days from the date of this Order to conduct this discovery. The defendants' response to the Motion to Remand will be due on August 14, 2019, and Bradford's reply in support of the Motion to Remand will be due on August 21, 2019. The Court will take Bradford's Motion to Amend the Complaint under advisement pending consideration of the Motion to Remand.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [13] Motion for Jurisdictional Discovery filed by the defendants is **GRANTED**. The defendants are granted ninety days from the date of this Order to conduct discovery limited solely to the issue of Bradford's domicile on the date that this lawsuit was filed and the date of removal.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [5] Motion for Leave to Amend Complaint and [17] Motion to Remand filed by the plaintiff, Jordan Bradford, are **TAKEN UNDER ADVISEMENT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the defendants' response to the Motion to Remand will be due on August 14, 2019, and Bradford's reply in support of the Motion to Remand will be due on August 21, 2019.

**SO ORDERED AND ADJUDGED** this the 9th day of May, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE